Delbert Eugene WATKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15184.

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Jay D. Dalton, Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Max A. Martin, Asst. Attys. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiff in error, Delbert Eugene Watkins, hereafter referred to as defendant, was convicted on January 22, 1969, in Case No. CRF 69–73, in the District Court of Tulsa County, for the crime of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second Offense. Prosecution of defendant was commenced under the provisions of 47 O.S. Supp.1967, § 11–902; which provides for the prohibition and punishment for driving, operating, or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The first offense for driving while under the influence of intoxicating liquor is a misdemeanor. That section of the statute also provides for the punishment for second and subsequent violations to constitute a felony.

Defendant, upon entry of his plea of guilty to the charge, was sentenced thereon to a term of two (2) years in the custody of the State Department of Corrections and payment of a fine of Ten ($10.00) Dollars and costs.

From that judgment and sentence defendant has perfected his appeal to this Court. In his brief defendant advances a single proposition of error. Defendant asserts as follows:

"The State cannot lawfully obtain separate punishments under separate statutes for a single transaction involving a single criminal objective and intent, act or course of conduct.

"Two charges were filed against defendant herein, arising out of the same transaction. These charges are driving under a suspended license and the instant charge of DWI, second and subsequent offense."

Defendant argues that he plead guilty to the former and prior proceedings in this case—this argument is considered to be an allegation that defendant, prior to entry of his plea of guilty in the instant case, had earlier plead guilty to the offense of driving while his driver's license was suspended; but, we are unable to find in the record submitted for review any evidence to support defendant's contention. Only in the defense counsel's argument before the

trial court, at the sentencing of defendant, and in the allegations contained in defendant's motions, are we informed of the possibility of the application of the double punishment statute, 21 O.S.1961, § 23; or that such issue may have been raised in the trial court.

Finding no evidence of a prior punishment, nor substantial merit in defendant's argument, after having examined the total record submitted in defendant's appeal, we find that the defendant received the due process of law required by the Constitution and the Statutes of this State; and that the punishment assessed upon defendant's plea of guilty is well within the limits prescribed by the statutes and is neither excessive nor of such nature as to constitute cruel and unusual punishment.

Therefore, the judgment and sentence of the trial court in this case should be, and the same is hereby, affirmed.

BUSSEY, P. J., and NIX, J., concur.